IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |
| V. | : | CRIMINAL NUMBER 13 CR 258-01(RJS) |
| | : | |
| | : | |
| JOHN RYAN | : | |

**DEFENDANT'S SENTENCING MEMORANDUM**

John Ryan, by his attorney, Carlos A. Martir, Jr., Esquire, submits this sentencing memorandum in mitigation at sentencing.

**I.      Factual and Procedural History**

On August 29, 2013, Mr. Ryan pleaded guilty to the Information filed in this district. According to the Information, from October 2010 through September 2011, while employed as a Shop Steward for the Iron Workers Local 40 at the World Trade Center in New York City, Mr. Ryan received payments of more than $1,000 in wages that he never work or was entitled to receive.  He pleaded guilty to this one count Information charging him with a violation of Title 29, United States Code, Section 186(a)(1),(b)(1) and (d)(2).

**II.     GUIDELINE CALCULATIONS IN PRESENTENCE REPORT**

The applicable guideline range calls for a term of imprisonment of 12 to 18 months. According to the Presentence Investigation Report.

This sentencing Court is no longer bound by the Sentencing Guidelines.  The Court must treat the guidelines as just one of a number of sentencing factors set forth in 18 U.S.C. § 3553(a).

The primary mandate in § 3553(a) is for sentencing courts to "impose a sentence

sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2."

Section 3553(a)(2) states that such purposes are:

    (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B)    to afford adequate deterrence to criminal conduct;
    (C)    to protect the public from further crimes of the defendant; and
    (D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In determining the minimally sufficient sentence, § 3553(a) further directs sentencing courts to consider the following factors:

    (1)    "the nature and circumstances of the offense and the history and characteristics of the defendant" (§ 3553(a)(1));
    (2)    "the kinds of sentences available" (§ 3553(a)(3));
    (3)    "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" (§ 3553(a)(6)); and
    (4)    "the need to provide restitution to any victims of the offense." (§ 3553(a)(7)).

Based upon the §3553 (a) factors, counsel will request that Mr. Ryan be placed on probation rather than a term of imprisonment.

### III. APPLICATION

#### A. Statutory Sentencing Factors

In the present case, the following factors must be considered when determining what type and length of sentence is sufficient, but not greater than necessary, to satisfy the purposes of sentencing:

    **1.    The Nature and Circumstances of the Offense and the History and Characteristics of the Offender (18 U.S.C. § 3553(a)(1)).**

        **a.    Nature and Circumstances of Offense**

Mr. Ryan pleaded guilty to a one count Information. Prior to his plea of guilty, Mr. Ryan

did proffer with the government through prior counsel.  Counsel is not aware of any dishonesty or falsehoods during his meetings with the government.  In addition, during the period he was under Pretrial supervision, he was compliant and had no violations lodged against him.

      **b.**      **Defendant's History and Characteristics**

John Ryan is 57 years old and has had minimal contacts with the criminal justice system. His Criminal History Category is identified as II.

Mr. Ryan has worked extremely hard during his career as an iron worker.  A career that has expanded over 25 years.  Throughout his employment, he has been a trusted member of the union and a leader within its ranks.  Rising to the rank of Shop Stewart was a culmination of his hard work at various sites throughout his career.  Mr. Ryan supervised approximately 150 workers at the site of the World Trade Center.

He has been married for approximately 32 years and has received the support of his friends and family.

      **2.**      **The Need for Sentence Imposed to Achieve Goals of Sentencing (18 U.S.C. § 3553(a)(2)).**

When fashioning a reasonable sentence, the court must also consider the need for the sentence imposed to (A) reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; (B) afford adequate deterrence to criminal conduct; (C) protect the public from further crimes of the defendant, and (D) provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2).

Mr. Ryan has been supervised by Pretrial Services during the period that this case has been pending. He has been compliant and free from any violations. This type of conduct would make Mr. Ryan a strong candidate for probation. A sentence of five years probation would adequately reflect the seriousness of and provide just punishment for this offense, while at the same time promoting respect for the law. Such a sentence will serve as an adequate deterrence to other individuals in the industry that engaging in conduct that results in double compensation would result in criminal charges and conviction.

    3.    **The Kinds of Sentences Available (18 U.S.C. § 3553(a)(3)).**

The advisory guidelines calls for a range of between 12 to 18 months. Counsel believes A probationary sentence is appropriate in this case.

**IV.**    **CONCLUSION**

For all of the above-stated reasons, Mr. Ryan requests compassion and leniency in this case. As the Sentencing Guidelines are advisory, this Court has great discretion to fashion a sentence which is sufficient, but <u>not</u> greater than necessary, to comply with the purposes sentencing. A sentence of five years probation is more than sufficient to meet the sentencing goals of providing just punishment, adequate deterrence, public protection and rehabilitation opportunity.

**WHEREFORE**, John Ryan respectfully requests that this Honorable Court impose a sentence of five years probation, which is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. § 3553(a).

                Respectfully submitted,

                _____/S/_____
                CARLOS A. MARTIR, JR., ESQUIRE

## **CERTIFICATE OF SERVICE**

I certify that a copy of this Sentencing Memorandum was served on Assistant United States Attorney Daniel Noble via ECF.


_____/S/_____

CARLOS A. MARTIR, JR., ESQUIRE